# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KING SOLOMON BURROWS,        )
          )
        Plaintiff,        )
          )
        v.        )        No. 4:14CV1453 CDP
          )
SAVE-A-LOT GROCERY,        )
          )
        Defendant.        )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his amended complaint. A review of plaintiff's account indicates an average monthly deposit of $50.00, and an average monthly balance of $64.93. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.00, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against Save-A-Lot Grocery store. His amended complaint is disjointed, rambling and incoherent, but it appears that he is complaining that he was poisoned with food purchased from Save-A-Lot. It may also be that he

is attempting to assert that this alleged "poisoning" was the cause for his recent arrest and incarceration. Plaintiff also appears to be asserting a loss of his property during his arrest or incarceration at St. Charles County Department of Corrections, as in his request for relief, he seeks return of his property. However, Save-A-Lot Grocery is the only named defendant in this action.

## Discussion

An action is factually frivolous if the facts alleged are "clearly baseless"; allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The allegations in the amended complaint are factually frivolous under *Denton*.

Additionally, Save-A-Lot Grocery is a private actor and cannot be named as a defendant in an action brought pursuant to 42 U.S.C. § 1983. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 536 (8th Cir.1999) ("Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law.") . As such, plaintiff's allegations fail to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $13.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of October, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE